Vides v. Garland

BIA
Mulligan, IJ
A213 119 468

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand twenty-two.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

RENEN VIDES, AKA RENEN OSIEL VIDES CASTRO,
> *Petitioner,*

v.                                        20-2076
                                          NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Sharon Katz, Luca Marzorati, Davis Polk & Wardell LLP, New York, NY.

**FOR RESPONDENT:**                    Brian Boynton, Acting Deputy
                                       Assistant Attorney General;
                                       Anthony P. Nicastro, Assistant
                                       Director; Kristen H. Blosser,
                                       Trial Attorney, Office of
                                       Immigration Litigation, United
                                       States Department of Justice,
                                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Renen Vides, a native and citizen of Guatemala, seeks review of a June 2, 2020, decision of the BIA affirming a November 20, 2019, decision of an Immigration Judge ("IJ") denying his application for relief under the Convention Against Torture ("CAT"). *In re Renen Vides,* No. A 213 119 468 (B.I.A. June 2, 2020), *aff'g* No. A 213 119 468 (Immig. Ct. N.Y. City Nov. 20, 2019). We assume the parties' familiarity with the underlying facts and procedural history.[1]

We have considered both the IJ's and the BIA's opinions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial

---

[1] We commend counsel for both parties for their excellent briefs in this matter.

2

evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "The agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). "A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding . . . ." *Hui Lin Huang v. Holder,* 677 F.3d 130, 134 (2d Cir. 2012).

A CAT applicant has the burden to show that he will "more likely than not" be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). In assessing whether an applicant has satisfied his burden of proof, the agency considers all evidence relevant to the possibility of future torture, including evidence that the applicant has suffered torture in the past, "[e]vidence that the applicant could relocate to a part of the country of removal where he . . . is not likely to be tortured, . . . [e]vidence of gross, flagrant or mass violations of human rights within the country

3

of removal, . . . and . . . [o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3). "An alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006)) (alteration omitted).

We find no error in the agency's conclusion that Vides failed to establish that it was "more likely than not" that MS-13 would find and torture him in Guatemala. He alleged that he had a fight while detained, after which another detainee, who he believed was an MS-13 member, told him that he could make one phone call and have him killed. To show that "each link in the chain" of torture by MS-13 was more likely than not to occur, Vides had to show that gang members in the United States would contact MS-13 in Guatemala, and that MS-13 in Guatemala would seek to torture or kill him,

4

and that they would be able to locate him. *Id.* The record does not compel such a conclusion, particularly as there was only the one incident in the United States and Vides testified that he had "no idea" where he might live in Guatemala. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record" a fear of future persecution "is speculative at best."). Vides mainly contends that an expert corroborated that MS-13 has the connections to order hits and members "have long memories," and that the U.S. government shares deportee information with the Guatemalan government such that MS-13 could access that information through corrupt officials. Although the expert concluded that MS-13 would likely find and kill Vides, he did not give examples of anyone killed in a similar situation—i.e., after one altercation with an MS-13 member in the United States—except for one murder in El Salvador, not Guatemala, that Vides himself reported to the expert. *Id.*; *see Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (requiring evidence that "someone in [applicant's] particular alleged circumstances is more likely than not to be tortured" (emphasis omitted)).

5

Finally, Vides's reliance on *Manning v. Barr*, 954 F.3d 477 (2d Cir. 2020) and *Ojo v. Garland*, 25 F.4th 152 (2d Cir. 2022) is misplaced. In contrast to the single threat Vides received following a fight, Manning testified against a notorious Jamaican criminal, received numerous death threats while incarcerated, and had evidence that his adversaries would know of his release and removal because he was related to the individual he had testified against. *See Manning*, 954 F.3d at 485–86. Moreover, in contrast to *Ojo*, the IJ stated that he considered all the evidence and the BIA concluded that the IJ did not err in giving less weight to expert opinion than to other evidence. *See Ojo*, 25 F.4th at 169–70; see *also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (holding that agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)).

Vides's failure to show that he would more likely than not be tortured is dispositive of his CAT claim, so we do not reach the agency's alternative finding that he failed to establish that Guatemalan authorities would acquiesce to his

torture. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court